UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| TVT MUSIC, INC. | ) Civil Action No. |
| | ) 05 Civ. 5602 (JGK)(KF) |
| Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| REP SALES, INC. d/b/a RYKO DISTRIBUTION PARTNERS and DM RECORDS, INC. d/b/a ICHIBAN RECORDS and/or CRITIQUE RECORDS, | ) **PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** |
| | ) |
| Defendants. | ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, TVT Music Inc., by its attorneys, Labaton Sucharow & Rudoff, LLP, contends that there are no genuine issues to be tried with respect to the following material facts:

1.  Plaintiff, TVT Music, Inc.(hereinafter referred to as "TVT" or "Plaintiff") is a New York corporation engaged in the business of music publishing and owns, administers, licenses and commercially exploits copyrights in musical compositions. Declaration of Brian D. Caplan ("Caplan Dec."), Ex. 1 (the Amended Complaint); Affidavit of Jacqueline M. Sussman ("Sussman Aff.") ¶ 3.

2.  Defendant Rep Sales, Inc. d/b/a Ryko Distribution Partners ("Rep Sales") is a Minnesota corporation, which was and continues to be engaged in the business of distributing, selling and otherwise exploiting recorded versions of musical performances. Amended Complaint, ¶ 5.

3. Defendant DM Records, Inc. (hereinafter "DM") is a Florida corporation, which was and continues to be engaged in the business of manufacturing, distributing, selling and otherwise exploiting recorded versions of musical performances. Amended Complaint ¶ 6.

## PLAINTIFF'S COPYRIGHT OWNERSHIP

4. Plaintiff owns and controls undivided copyright interests in the musical compositions entitled (1) *Stop Trippin*; (2) *Cut Up*; (3) *Y'all Don't Feel Me*; (4) *Get Crunk*; (5) *Bounce Dat Ass*; and (6) *Who U Wit*, (the "Compositions"). Sussman Aff., ¶¶ 4-7 & Exs. 1-5.

5. Jonathan Smith, a musical performer and recording artist professionally known as "Lil Jon" ("Smith"), is a co-author of each of the Compositions. Sussman Aff., ¶¶ 4-7 & Exs. 1-5.

6. Each of the Compositions has been duly registered in the U.S. Copyright Office, which registrations reflect Smith's co-authorship of each of the Compositions. Sussman Aff. ¶¶ 6-7.

7. True and correct copies of the Certificates of Copyright Registration for the Compositions duly filed and recorded in the United States Copyright Office are annexed to the Amended Complaint in this action as Exhibit "A". Sussman Aff.,.¶¶ 6-7.

8. Recorded performances of the Compositions were originally embodied on the Lil Jon Album entitled <u>Get Crunk:  Who U Wit Da Album</u> and an album entitled <u>Dead Crunk</u>, in which Lil Jon was a featured performer, which were originally manufactured, respectively, by Carlos Glover d/b/a Mirror Image Records in 1997, and non-party Ichiban Records, in 1998 (the "Original Recordings of the Compositions"). Sussman Aff., ¶ 7.

9. The Original Recordings of the Compositions were submitted as deposit copies accompanying the copyright registration applications filed in the Copyright Office. Sussman Aff. ¶ 7.

10. Plaintiff has acquired exclusive copyright interests in each of the Compositions by reason of the following agreements:

(a) By written agreement dated October 1, 1996, Smith assigned and transferred an undivided 50% interest in his copyright interests in the Compositions, and the exclusive rights to administer and exploit the Compositions to Carlos Glover, d/b/a Carlos Glover Music ("Glover"). Sussman Aff., Ex. 1;

(b) By written agreement dated October 31, 2000, Smith and Glover agreed to terminate the October 1996 Agreement, with Glover assigning and transferring his undivided interests in the Compositions to Smith, with Glover retaining a 50% co-publishing interest in the Compositions. Sussman Aff., Ex. 2;

(c) By written agreement dated May 30, 2001, Smith transferred and assigned to Plaintiff exclusive ownership of all of Smith's copyright interests in the Compositions. Sussman Aff., Ex. 3; and

(d) By written agreement dated April 2005 between Plaintiff and Glover, Glover assigned and transferred to Plaintiff the sole, exclusive and unrestricted right to administer and exploit Glover's copyright interests in the Compositions. Sussman Aff., Ex. 4..

**DEFENDANTS' UNAUTHORIZED USES OF THE COMPOSITIONS**

11. Pursuant to a written agreement between Defendants DM Records and Rep Sales dated November 1, 1999, DM Records authorized Rep Sales to distribute musical recordings

manufactured by DM Records, including each of the Infringing Albums at issue in this action. Caplan Dec. ¶ 4, Ex. 3.

      12.      By written agreement dated as of August 15, 2003, DM entered into an agreement with Carlos Glover d/b/a Mirror Image Records to prepare and produce new master recordings based in part upon the Original Recordings of the Compositions.  Caplan Dec. ¶ 9, Ex. 5.

      13.      Commencing in or about November 2003, Defendants caused to be manufactured and distributed the following eleven albums, which embody one or more modified uses of the Compositions:

      (a)      An album entitled *281 Boyz: Chopped and Screwed 2003* which embodies a sound recording based upon the Composition *Stop Trippin*.

      (b)      An album entitled *Lil Jon & The East Side Boyz, Certified Crunk* ("Certified Crunk") which embodies sound recordings based upon the Compositions *Stop Trippin', Cut Up*; *Y'all Don't Feel Me*; *Get Crunk*; *Bounce Dat Ass*; and *Who U Wit*, and a sound recording entitled "Lil Jon Megamix," based upon each of the Compositions.

      (c)      An album entitled *Crunk Da Mix Tape* which embodies sound recordings based upon the compositions entitled *Stop Trippin*, *Get Crunk*, *Bounce Dat Ass*, *Cut Up*, and *Y'all Don't Feel Me Yet,* and a sound recording entitled "Lil Jon Megamix," based upon each of the Compositions.

      (d)      An album entitled *Dead Crunk 2004* which embodies a sound recording based upon the composition entitled *Stop Trippin*.

      (e)      An album entitled *Get Crunk 305 Remix* which embodies sound recordings based upon the Composition entitled *Get Crunk*.

(f) An album entitled *Bootleg Crunk* which embodies sound recordings based upon the Compositions entitled *Stop Trippin* and *Get Crunk*.

(g) An album entitled *Club Crunk,* which embodies sound recordings based upon the Compositions entitled *Bounce Dat Ass* and *Y'all Don't Feel Me Yet*.

(h) An album entitled *Old School Crunk Mix* which embodies a sound recording, entitled *Lil Jon Megamix*, based upon each of the Compositions.

(i) An album entitled *Crunk Da Mix Tape 2* which embodies sound recordings based upon the Compositions entitled *Stop Trippin* and *Get Crunk*.

(j) An album entitled *Crunk Wars* which embodies sound recordings based upon the Compositions entitled *Stop Trippin* and *Get Crunk*.

(k) An album entitled *Reggaeton Remix* which embodies sound recordings based upon the compositions entitled *Stop Trippin*, *Get Crunk*, *Cut Up*; *Y'all Don't Feel Me*; and *Bounce Dat Ass,* and a sound recording entitled "Lil Jon Megamix," based upon each of the Compositions.

(Hereinafter the above eleven Albums are collectively referred to as the "Infringing Albums.") Caplan Dec., ¶¶ 9-17, & Exs. 6-14.

14. The sound recordings contained on the Infringing Albums were created in part by combining and altering previously existing recordings, including the Original Recordings of the Compositions, with other materials.  Caplan Dec., Ex. 7 (Deposition Testimony of Carlos Glover), Ex. 10 (Expert Report of Dr. Lawrence Ferrara, PhD).

15. Defendant DM Records caused the manufacture of each of the Infringing Albums, and within the three years prior to the commencement of this action, Defendant Rep Sales

5

distributed each of the Infringing Albums. Caplan Dec. ¶ 12, Ex. 8 (Deposition Testimony of Deborah Holden) and Ex. 9 (Summary of Sales).

16. Each of the modified uses of the Compositions that are embodied on the Infringing Albums contain substantial alterations, additions and deletions to the lyrics and melodies of the respective Compositions. Caplan Dec., Ex. 10 (Expert Report of Lawrence Ferrara, Ph.D.).

17. The Copyright Registration filed by DM with the U.S. Copyright Office for the Certified Crunk Infringing Album notes on p. 2 thereof that the recordings are "derivative works" based on the original recordings of the Compositions, and that DM has added, "new productions and additional sounds from original vocal sound sources." Caplan Dec., Ex. 12.

18. Annexed as Exhibit 13 to the Caplan Dec. are true and correct copies of letters, dated September 18, 2003 and September 19, 2003, respectively, mailed by DM and its counsel.

19. Neither Plaintiff, Glover, Smith or any agent acting on their behalf, authorized the preparation of any of the sound recordings based upon the Compositions that are embodied on the Infringing Albums, or any other use of the Compositions in the manufacture or distribution of the Infringing Albums. Caplan Dec., ¶9, Exs. 5 & 7; Sussman Aff. ¶ 8.

20. The agreement dated August 15, 2003 between Glover, d/b/a Mirror Image Records, and DM Records with respect to the creation of the sound recordings appearing on the Certified Crunk Infringing Album related solely to the parties' respective rights in and to the master sound recordings, and did not convey any copyright rights or licenses in and to the underlying musical compositions used in connection therewith, including the Compositions. Caplan Dec.¶ Exs. 5 & 7.

6

Dated: New York, New York
      November 30, 2006

                            LABATON SUCHAROW & RUDOFF LLP


                            By: /s/ Brian D. Caplan
                                Brian D. Caplan (BC-1713)
                                Jonathan J. Ross (JR-0581)
                            100 Park Avenue
                            New York, NY  10017
                            (212) 907-0700

                            Attorneys for Plaintiff
                             TVT Music, Inc.

661427 v1
[011444-0004]