UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| TVT MUSIC, INC. | ) Civil Action No. |
| | ) 05 Civ. 5602 (JGK)(KF) |
| Plaintiff, | ) |
| -against- | ) |
| REP SALES, INC. d/b/a RYKO DISTRIBUTION PARTNERS and DM RECORDS, INC. d/b/a ICHIBAN RECORDS and/or CRITIQUE RECORDS, | ) **ATTORNEY'S DECLARATION OF BRIAN D. CAPLAN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I, BRIAN D. CAPLAN, under penalty of perjury, declare as follows:

1. I am a partner in the firm of Labaton, Sucharow & Rudoff, LLP, attorneys for plaintiff TVT Music, Inc. ("TVT"). I submit this Declaration in support of TVT's motion for summary judgment.

2. In June 2005, TVT, a music publisher engaged in the business of administering, licensing and exploiting copyrights in musical compositions, commenced this action asserting claims of copyright infringement against defendants with respect to their alleged manufacture and distribution of phonorecords containing musical compositions owned by TVT without authority. In December 2005, TVT served an Amended Complaint adding additional alleged infringing phonorecords manufactured and distributed by Defendants. A copy of the Amended Complaint is annexed hereto as Exhibit 1.

3. The amended complaint alleges that Defendant DM Records, Inc. (hereinafter "DM Records") is a Florida corporation, which was and continues to be engaged in the business of manufacturing, distributing, selling and otherwise exploiting recorded versions of musical performances, and that Defendant Rep Sales, Inc. d/b/a Ryko Distribution Partners ("Rep Sales")

1

is a Minnesota corporation, which was and continues to be engaged in the business of distributing, selling and otherwise exploiting recorded versions of musical performances. Annexed hereto as Exhibit 2a and 2b are copies of Defendants' respective Answers to the Amended Complaint.

    4.    Pursuant to a written agreement between Defendants DM Records and Rep Sales dated November 1, 1999, DM Records authorized Rep Sales to distribute musical recordings manufactured by DM Records, including each of the alleged Infringing Albums at issue in this action. A copy of the DM-Rep Sales distribution agreement, produced by defendants in this action, is annexed hereto as Exhibit 3.

    5.    The factual circumstances of TVT's claims are as follows;

**The Copyrights at Issue**

    6.    TVT's copyrights at issue in this action are the following six musical compositions, which were all co-authored by Jonathan Smith, a recording artist and songwriter professionally known as Lil Jon:   (1) *Stop Trippin*; (2) *Cut Up*; (3) *Y'all Don't Feel Me*; (4) *Get Crunk*; (5) *Bounce Dat Ass*; and (6) *Who U Wit*, (the "Compositions").

    7.    Recorded performances of the Compositions were originally embodied on the Lil Jon Album entitled <u>Get Crunk: Who U Wit Da Album</u>, and an album entitled <u>Dead Crunk</u>, in which Lil Jon was a featured performer, which were originally manufactured, respectively, by Carlos Glover d/b/a Mirror Image Records in 1997, and non-party Ichiban Records, in 1998 (the "Original Recordings of the Compositions"). The Label Copies for these recordings are annexed hereto as collective Exhibit 4. The actual recordings are being filed separately as Exhibit 4a.

8.      As explained in the accompanying Declaration of Jacqueline M. Sussman, the Compositions were duly registered with the U.S. Copyright Office, with the Original Recordings of the Compositions submitted as the deposit copies of the Compositions.

**Defendants' Infringing Acts**

9.      In or about August 2003, DM entered into an agreement with Mirror Image Records, which owned the master recordings embodied on the Lil Jon Album Get Crunk: Who U Wit Da Album, to prepare and produce new master recordings based in part upon the Original Recordings of the Compositions.  A copy of the written agreement dated as of August 15, 2003, between DM and Carlos Glover d/b/a Mirror Image Records, produced by defendants in this action, is annexed hereto as Exhibit 5.  This agreement relates solely to the mater recordings and not the underlying musical compositions, which Mr. Glover confirm in his deposition was his intent and understanding of that agreement.  See, Deposition Testimony of Carlos Glover, pp. 173-184, annexed hereto as Exhibit 7 (hereinafter referred to as "Glover Depo.").

10.     Subsequently and commencing in or about November 2003, Defendants caused to be manufactured and distributed the following eleven albums, each of which embody one or more modified uses of the Compositions as follows:

> An album entitled *281 Boyz: Chopped and Screwed 2003* which embodies a sound recording based upon the Composition *Stop Trippin*.
>
> An album entitled *Lil Jon & The East Side Boyz, Certified Crunk* ("Certified Crunk") which embodies sound recordings based upon the Compositions *Stop Trippin', Cut Up*; *Y'all Don't Feel Me*; *Get Crunk*; *Bounce Dat Ass*; and *Who U Wit,* and a sound recording, entitled *Lil Jon Megamix*, based upon each of the Compositions.
>
> An album entitled *Crunk Da Mix Tape* which embodies sound recordings based upon the compositions entitled *Stop Trippin*, *Get Crunk*, *Bounce Dat Ass*, *Cut Up*, and *Y'all Don't Feel Me Yet*, and a sound recording, entitled *Lil Jon Megamix*, based upon each of the Compositions.

> An album entitled *Dead Crunk 2004* which embodies a sound recording based upon the composition entitled *Stop Trippin*.
>
> An album entitled *Get Crunk 305 Remix* which embodies sound recordings based upon the Composition entitled *Get Crunk*.
>
> An album entitled *Bootleg Crunk* which embodies sound recordings based upon the Compositions entitled *Stop Trippin* and *Get Crunk*.
>
> An album entitled *Club Crunk,* which embodies sound recordings based upon the Compositions entitled *Bounce Dat Ass* and *Y'all Don't Feel Me Yet*.
>
> An album entitled *Old School Crunk Mix* which embodies a sound recording, entitled *Lil Jon Megamix*, based upon each of the Compositions.
>
> An album entitled *Crunk Da Mix Tape 2* which embodies sound recordings based upon the Compositions entitled *Stop Trippin* and *Get Crunk*.
>
> An album entitled *Crunk Wars* which embodies sound recordings based upon the Compositions entitled *Stop Trippin* and *Get Crunk*.
>
> An album entitled *Reggaeton Remix* which embodies sound recordings based upon the compositions entitled *Stop Trippin*, *Get Crunk*, *Cut Up*; *Y'all Don't Feel Me*; and *Bounce Dat Ass,* and a sound recording, entitled *Lil Jon Megamix*, based upon each of the Compositions.

Hereinafter, the above eleven Albums are collectively referred to as the "Infringing Albums."

The Label Copies of each of the Infringing Albums are annexed hereto as collective Exhibit 6.

The actual Albums are being separately filed as Exhibit 6a.

11. As explained by Carlos Glover in his deposition, these sound recordings were created in part by combining and altering previously existing recordings, including the Original Recordings of the Compositions, with other materials. Glover Depo., pp. 222-225, 231.

12. Defendant DM Records caused the manufacture of each of the Infringing Albums, and within the three years prior to the commencement of this action, Defendant Rep Sales distributed each of the Infringing Albums. Annexed hereto as Exhibits 8 and 9, respectively, are relevant excerpts of the deposition testimony of Deborah Holden, an employee of Defendant Rep

Sales, and a summary of sales of each of the Infringing Albums from 2003 through 2006 produced by Rep Sales in this action.

13.     Each of the modified uses of the Compositions that are embodied on the Infringing Albums contain substantial alterations, additions and deletions to the lyrics and melodies of the respective Compositions.   Annexed hereto as Exhibit 10 is the C.V. and Expert Report of Lawrence Ferrara, Ph.D., a musicologist retained by TVT in this action to determine the extent, if any, of the changes made to the Compositions by Defendants in preparing the recordings contained on the Infringing Albums.

14.     As Dr. Ferrara explains in detail, each of the Infringing Albums contain substantial alterations, deletions, and additions to the lyrics and melodies of the Compositions. Relevant excerpts of Dr. Ferrara's deposition testimony, where he expounds and opines on these substantial differences are annexed hereto as Exhibit 11.

15.     The lack of any true dispute as to the evident nature of these changes to the lyrics, melody and character of the Compositions has been confirmed by both DM's filings in the Copyright Office and its own correspondence.  Annexed hereto as Exhibit 12 is a copy of the Copyright Registration filed by DM with the U.S. Copyright Office for the <u>Certified Crunk</u> Infringing Album, which itself notes, on p. 2 thereof, that the recordings are "derivative works" based on the original recordings of the Compositions, and that DM has added, "new productions and additional sounds from original vocal sound sources."

16.     Further in its own correspondence, DM likewise refers to the "tracks" on the Infringing Album <u>Certified Crunk</u> as "derivative works." Annexed hereto as collective Exhibit 13 are copies of two letters, both produced by Defendants in this action, dated September 18,

2003 and September 19, 2003, respectively, from DM and its counsel where these admissions are made.

17.     Finally, annexed hereto as collective Exhibit 14 are a series of "Notices of Intent to Obtain Compulsory Licenses" filed and/or served by Defendant DM with respect to the <u>Certified Crunk</u> and <u>Reggaeton Remix</u> Infringing Albums.  Also contained within Exhibit 14 are copies of license requests sent by DM to TVT dated May 5, 2005, and noting a May 2005 release date for the <u>Reggaeton Remix</u> Infringing Album.  As explained in the accompanying Memorandum of Law, these Notices are all inapplicable here to insulate defendants from their infringing conduct, and, with the exception of the <u>Certified Crunk</u> notices, which appear to have been filed in October 2003, are ineffective in any event since that were not served prior to the distribution of the Album.  Neither DM or Rep Sales purported to serve any such notices for the other nine Infringing Albums identified in the Amended Complaint.

WHEREFORE, I respectfully request that Plaintiff's motion for summary judgment be granted in its entirety.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Dated:   November 30, 2006

            _/s/ Brian D. Caplan_
            BRIAN D. CAPLAN