# Hall, Booth, Smith & Slover

### A PROFESSIONAL CORPORATION

KARL M. BRAUN

DIRECT DIAL:
404-954-6922

E-MAIL:
KBraun@hbss.net

ATTORNEYS AT LAW
230 Peachtree Street, N.W., Suite 2500
Atlanta, Georgia 30303-1515
404-954-5000 FAX 404-954-5020
WWW.HBSS.NET

MEMBER OF:



WWW.USLAWNETWORK.ORG

---

June 19, 2002

**VIA FACSIMILE AND U.S. MAIL**

Karl Washington, Esq.
Washington Law Firm
2818 East Point Street, Suite 2B
East Point, Georgia 30344

    Re:    Ichiban Records, Inc.
            CASE NO. 99-66017
            Chapter 7; Judge Joyce Bihary
            Ichiban/Colli Park Record Distribution Agreement

Dear Mr. Washington:

      I am in receipt of your correspondence dated June 12, 2002 and thank you for same. In a continued effort to resolve this matter amicably and without the need for protracted litigation to protect my client's interests, I direct your attention to paragraph 11(a) of the subject Record Distribution Agreement that forecloses your argument that Colli Park can change one word in its name and be relieved of contractual obligations. Colli Park Records is clearly a "party" to the Record Distribution Agreement and referred to as such throughout. As such, any individual, corporation, partnership association or other organized group of persons or legal successors or representatives of Colli Park Records, including Colli Park Music and Michael Crooms, are considered a "party" to the agreement. As I am sure you are aware, this clause is commonly included in contracts to avoid the very situation you have presented. A party to a contract cannot simply change its name and then breach an agreement. This is especially true in situations where the entities are essentially alter egos of an individual.

      I would also point out that John Abbey faxed correspondence dated February 23, 1999 to Michael Crooms advising that his personal "and company (Colli Park) contracts are still in force with Ichiban and are, therefore, considered assets." Mr. Crooms responded the same day by facsimile on "Colli Park Music, Inc." letterhead acknowledging receipt of Mr. Abbey's fax stating in part, "...I guess I am the unluck [sic] one." Clearly, whether denominated "Colli Park Music" or "Colli Park Records," it was always understood, and set forth in the agreement, that the Record Distribution Agreement was between Ichiban and any "Colli Park" entity.

## Hall, Booth, Smith & Slover

Karl Washington, Esq.
June 19, 2002
Page 2

    I would posit that our clients would rather settle this matter quickly and amicably without the necessity of litigating these legal issues, including possibly seeking to "pierce the corporate veil" of Mr. Crooms' entities. However, if your client refuses to be reasonable and acknowledge his contractual obligations, he will force such litigation to ensue. I look forward to hearing from you within the next week so I can determine how to proceed on behalf of my client.

                              With best regards,

                              Karl M. Braun

KMB/cba
cc: Mark Watson