UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TEEVEE TOONS, INC. d/b/a TVT RECORDS,   ) Civil Action No.
                                                    ) 05 CV 5602 (JGK)(KNF)
            Plaintiff,   )
                                                   ) **DEFENDANTS' RESPONSE**
   -against-                           ) **TO PLAINTIFF'S**
                                                   ) **STATEMENT OF MATERIAL**
REP SALES, INC. d/b/a RYKO DISTRIBUTION PARTNERS, ) **FACTS PURSUANT TO**
and DM RECORDS INC.   ) **LOCAL RULE 56.1**
                                                   )
           Defendants.   )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Come now, Defendants Rep Sales, Inc. d/b/a Ryko Distribution Partners ("Ryko") and DM Records, Inc. ("DM"), by and through their attorneys of record, and hereby respond to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1. Defendants also direct the Court's attention to Defendants' Statement of Facts relative to their Motion for Summary Judgment filed on November 30, 2006 and incorporate those facts herein by reference in support of Defendants' assertion that Plaintiff's Motion for Summary Judgment should be denied and that Defendants' Motion for Summary Judgment should, respectfully, be granted.

      1.  Admitted for purposes of this Motion. Defendants specifically deny that Plaintiff has any ownership in, or right to, administer, license and/or commercially exploit the copyrights in the musical compositions at issue in this lawsuit.

      2.  Admitted for purposes of this Motion only that Rep Sales, Inc. d/b/a Ryko Distribution Partners ("Rep Sales"), is a distributor of recorded music including, but not limited to, recorded music manufactured by DM.

      3.  Defendants admit that DM is a small, family-owned independent record company in South Florida with 5 employees including its two (2) owners, Mark Watson and David Watson.

## PLAINTIFF'S ALLEGED COPYRIGHT OWNERSHIP

4. Denied. (See, Defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Defendants' SJ Memo") generally and pages 14-17 specifically, filed in this action on November 30, 2006.)

5. Denied. Since Defendants were unable to depose Mr. Smith in spite of repeated attempts to serve subpoenas and repeated requests for the cooperation of Plaintiff, the record is devoid of Mr. Smith's testimony in this regard. Mr. Smith is also conspicuously absent from this lawsuit altogether. There were never any copyright registrations filed in the seven (7) years following first publication of the compositions at issue. As such, DM was unable to ascertain through diligent searches of the Copyright Office records, reliable information on authorship and ownership. Therefore, in an abundance of caution, DM filed Notices of Intention to Obtain Compulsory Licenses with the Copyright Office pursuant to 17 U.S.C. § 115 listing potential authors and publishers but prominently using question marks to indicate uncertainty as to the accuracy of the information. (See, Depo. of M. Watson, p. 336, Defendants' Resp. Memo, Ex. RR; Dec. of B. Caplan, Ex. 14).

6. Defendants admit that Plaintiff filed registrations with the U.S. Copyright Office relative to the compositions involved in this action. Defendants deny that Plaintiff had the proper rights, or chain-of-title, to make the assertions made in said registrations. (See, Defendants' SJ Memo generally and pages 14-17 specifically; See also, Defendants' Memorandum of Law in Support of Defendants' Response hereto ("Defendants' Resp. Memo") generally).

7. Defendants admit that Plaintiff filed registrations with the U.S. Copyright Office relative to the compositions involved in this action. Defendants deny that Plaintiff had the proper rights, or chain-of-title, to make the assertions made in said registrations. (See, Defendants' SJ Memo generally and pages 14-17 specifically; See also, Defendants' Memorandum of Law in Support of Defendants' Response hereto ("Defendants' Resp. Memo") generally).

8. Admitted that the compositions at issue in this lawsuit were originally manufactured and distributed by DM's predecessor-in-interest, Ichiban in 1997 and 1998. Denied that the compositions at issue were ever manufactured by Carlos Glover d/b/a Mirror Image Records. (See, Record Distribution Agreement between Glover and Ichiban and Record Distribution Agreement between Glover and DM, submitted as Exhibits E and I respectively in support of Defendants' Motion for Summary Judgment).

9. Defendants are without information sufficient to admit or deny whether original recordings of the compositions were, indeed, submitted as deposit copies accompanying the copyright registrations improperly filed by Plaintiff in the U.S. Copyright Office.

10. Defendants deny that Plaintiff properly acquired any exclusive copyright interests sufficient to maintain this action against Defendants. Defendants specifically state that Plaintiff's purported written agreement dated April, 2005 between Plaintiff and Glover was *void ab initio* as a result of previous agreements entered into with DM by Glover. Defendants additionally state that the purported Termination Agreement dated October 1996 is invalid because it was executed during the pendency of the Ichiban Bankruptcy and never approved by the Bankruptcy Court. (See, Defendants' SJ Memo generally and pages 14-17 specifically; See also, Defendants' Memorandum of Law in Support of Defendants' Response hereto ("Defendants' Resp. Memo") generally).

**DEFENDANTS' ALLEGED UNAUTHORIZED USES OF THE COMPOSITIONS**

11. Defendants admit that DM authorized Rep Sales to distribute musical recordings manufactured by DM which are the subject of this litigation. Defendants specifically deny that any of the musical recordings so distributed were infringing in any manner.

12. Defendants admit that an Agreement dated August 15, 2003 was entered into between DM and Carlos Glover d/b/a Mirror Image Records which transferred all right, title and interest of Carlos Glover in the newly created masters which embodied the compositions which are at issue in this lawsuit. The clear intent of the Agreement was that fifty percent (50%) of all right, title and interest of the parties to the Glover/DM Agreement would be transferred each to the other including the underlying

3

compositions embodied on the Master Recordings. (See, Defendants' SJ Memo generally and pages 18-20 specifically, and Ex. N thereto; See also, Defendants' Memorandum of Law in Support of Defendants' Response hereto ("Defendants' Resp. Memo") generally).

13. Defendants admit that they manufactured and distributed the albums at issue in this lawsuit but deny Plaintiff's characterization of the albums as being "one or more modified uses of the compositions." Defendants specifically deny Plaintiff's characterization of the albums at issue in this lawsuit as "infringing albums." (See, Depo. of M. Watson, pp. 343-344; Affidavits of D. Watson, M. Watson, and J. Corcoran previously submitted as Exs. R, S and T respectively; Affidavit of M. Watson, Ex. YY hereto).

14. Defendants deny paragraph 14 of Plaintiffs' Statement of Facts as stated. Defendants admit only that the albums at issue in this lawsuit embodied re-mixes of previously released compositions and sound recordings. "Re-mixing" is a commonly employed practice and art form in the music industry and is one of the categories for which a Grammy is awarded each year. As set forth and supported more fully in Defendants' Motion for Summary Judgment in this action, Carlos Glover, who the Plaintiff admits was the owner of the compositions at issue at the time the subject re-mixes were created, produced and participated in all of the re-mixes at issue and, as such, Plaintiffs' claims in this action are groundless. (See, Affidavits of D. Watson, M. Watson, and J. Corcoran previously submitted as Exs. R, S and T respectively; Defendants' SJ Memo generally and pages 17-18 specifically; Depo. of S. Gottlieb, p. 164, lines 13-16).

15. Defendants admit only that DM manufactured and Rep Sales distributed the albums at issue in this litigation. Defendants specifically deny that any part or portion of the albums was infringing in any manner. (See, Defendants' SJ Memo generally).

16. Defendants deny Paragraph 16 of Plaintiffs' Statement of Facts. The albums at issue in this case embodied re-mixes of previously released compositions which were produced, prepared and approved by the copyright owner of said compositions at the time the re-mixes were created, namely,

4

Carlos Glover. (See, Affidavits of D. Watson, M. Watson, and J. Corcoran previously submitted as Ex.s R, S and T respectively; Defendants' SJ Memo generally and pages 17-18 specifically; Depo. of S. Gottlieb, p. 164, lines 13-16).

17.   Defendants state in response to Paragraph 17 of Plaintiffs' Statement of Facts that the copyright registration filed by DM with the U.S. Copyright office for *Certified Crunk, da Remix* speaks for itself.  Defendants further state that the reference to "derivative works" therein referred only to the sound recordings being registered and not the underlying compositions (as evidenced by DM's use of the SR registration form which is for "sound recordings" and designation of authorship as for the "sound recording.").  Any and all references to "derivatives" and/or "derivative works" by either Defendants or Defendants' counsel, are references only to the sound recordings at issue in this case and not the compositions. (See, Caplan Dec., Ex. 12; Depo. of M. Watson, pp. 339-341).

18.   Defendants state in response to Paragraph 18 of Plaintiffs' Statement of Facts that the September 18, 2003 and September 19, 2003 letters referenced speak for themselves.  Defendants state further that said letters are not inconsistent with Defendants' assertions in their Motion for Summary Judgment and their response to Plaintiffs' Motion for Summary Judgment.  In fact, said letters are proper assertions of Defendants' rights and the term "derivative works" relates solely to the sound recordings and not the underlying compositions.(See, Depo. of M. Watson, pp. 339-341, Ex. RR).

19.   Defendants deny Paragraph 19 of Plaintiff's Statement of Facts.  The August 15, 2003 Deal Memo between Carlos Glover and DM expressly authorized DM to "produce, manufacture, distribute, market, sell and promote" the songs at issue.  Pursuant to the August 15, 2003 Deal Memo, Carlos Glover materially produced, supervised, approved and participated in the creation of the remixes at issue.  Carlos Glover was the copyright owner of the compositions at issue at the time he entered into the August 15, 2003 Deal Memo. (See, August 15, 2003 Deal Memo previously

5

submitted as Ex. N; Affidavits of D. Watson, M. Watson, and J. Corcoran previously submitted as Ex.s R, S and T respectively; Depo. of S. Gottlieb, p. 164, lines 13-16).

20. Defendants specifically deny Paragraph 20 of Plaintiffs' Statement of Facts. The August 15, 2003 Deal Memo between Carlos Glover d/b/a Mirror Image Records and DM was clearly intended by the parties to include fifty percent (50%) of all right, title and interest in the newly created masters including the underlying compositions regardless of Carlos Glover's attempt to falsely mis-characterize the Agreement at this late date. Am implied covenant of good faith precludes Mr. Glover from mischaracterizing the Deal Memo. The Deal Memo clearly states that DM will "produce, manufacture, distribute, market, sell and promote" the remixes created thereunder and pay Mr. Glover royalties therefore. Mr. Glover would be acting in bad faith to deny that at least an express or implied license to exploit the compositions was granted because otherwise the agreement would be meaningless. DM would be precluded from ever producing, manufacturing, distributing, marketing, selling or promoting the resulting remixes without ownership in, or a license to use, the underlying compositions. DM paid Glover a substantial amount of money in the form of an advance.

As set forth in Defendants' Motion for Summary Judgment, Carlos Glover was found by the United States District Court for the Northern District of Georgia to have testified falsely during Defendants' second attempt to take his deposition and sanctioned Mr. Glover accordingly. Only after Mr. Glover entered into the purported Agreement with Plaintiff in 2005 and was paid an advance by Plaintiff, did he begin making assertions that his deal with DM Records was not the 50/50 deal he referred to in previous e-mails and which was clearly embodied in the August 15, 2003 written agreement. (See, Defendants' SJ Memo generally and footnote 7, pages 9-10 specifically; See also,

Defendants' Resp. Memo generally).

Respectfully submitted this 12th day of January, 2007.

                        **HALL, BOOTH, SMITH & SLOVER, PC.**

                        By: /s/ Karl M. Braun
                              Karl M. Braun, *pro hac vice* 6/8/04
                              BPR #022371
                              Allison C. Jennings, BPR #025321
                              611 Commerce Street
                              The Tower, Suite 3000
                              Nashville, TN 37203

                        **PROSKAUER ROSE LLP**
                              Jenifer deWolf Paine (Bar No.: JP 9393)
                              1585 Broadway
                              New York, New York 10036-8299

                        *Attorneys for Defendants Rep Sales, Inc. d/b/a RYKO Distribution Partners and DM Records, Inc.*

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that on January 12, 2007, I caused to be served a copy of **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1** on counsel for plaintiffs, by electronic notification and overnight delivery, as follows:

Brian D. Caplan, Esq.
Jonathan J. Ross, Esq.
LABATON RUDOFF & SUCHAROW, LLP
100 Park Avenue
New York, New York  10017
Fax:  212.818.0477

                        By:  /s/ Karl M. Braun
                              Karl M. Braun, *pro hac vice* 6/8/04