UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| TEEVEE TOONS, INC. d/b/a TVT RECORDS, ) | Consolidated Civil Action No. |
| ) | 03 CV 10148 (JGK)(KNF) & |
| Plaintiff, ) | 05 CV 5602 (JGK)(KNF) |
| ) | |
| -against- ) | |
| ) | |
| REP SALES, INC. d/b/a RYKO DISTRIBUTION ) | |
| PARTNERS, and DM RECORDS INC. ) | |
| ) | |
| Defendants. ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM SEEKING AN AWARD OF STATUTORY DAMAGES, ATTORNEYS FEES AND/OR COSTS AS TO ALLEGED INFRINGEMENTS OCCURRING OR BEGINNING PRIOR TO COPYRIGHT REGISTRATION OF THE WORK IN QUESTION**

Defendants DM Records, Inc. ("DM") and Rep Sales, Inc. d/b/a Ryko Distribution Partners ("Ryko"), (collectively "Defendants"), by and through their undersigned counsel, submit this motion pursuant to 17 USC § 412, to preclude plaintiff from seeking an award of statutory damages, attorney's fees and/or costs as to any alleged infringement occurring or commencing prior to the date of plaintiff's registration of the musical compositions in issue with the United States Copyright Office.

**INTRODUCTION**

In this case, the plaintiff has alleged infringement of certain musical compositions, namely: *Stop Trippin*; *Cut Up*; *Y'all Don't Feel Me*; *Get Crunk*; *Bounce Dat Ass*; and *Who U Wit* (the "Subject Compositions"*)*. (See Amended Complaint at ¶ 7; Docket Entry No. 25). Plaintiff has announced its intention to seek an award of statutory damages, attorneys fees and costs in this action, however, all of the alleged infringements commenced prior to plaintiff's registration of the

copyrights in and to the Subject Compositions and, accordingly, statutory damages, attorneys' fees and/or costs may not be awarded. 17 USC § 412.

## FACTS RELEVANT TO THE INSTANT MOTION

The chart annexed to this motion as Schedule 1 reflects the undisputed dates upon which the Subject Compositions were first published, the dates upon which the Subject Compositions were first registered with the U.S. Copyright Office, the dates upon which the allegedly infringing re-mixes of the Subject Compositions were first exploited and all subsequent dates upon which Defendants exploited the re-mixes.

As set forth in Schedule 1 (and as confirmed by the allegations set forth in plaintiff's Amended Complaint), all of the Subject Compositions that are alleged to have been infringed were registered between February and June of 2005. As set forth in Schedule 1 (and as confirmed by the allegations set forth in plaintiff's Amended Complaint), **all** of the Subject Compositions were alleged to have been infringed by Defendants on or before November of 2003, when they manufactured and distributed the album entitled *Certified Crunk*, containing re-mixes of the Subject Compositions.[1] Defendants' exploitation of each of the remixes of the Subject Compositions was continuous (insofar as each exploitation by the Defendants took place within a few months of the exploitation preceding it).

---

[1] If the Court determines that the work entitled *Lil Jon Megamix* (a remix of one or more of the Subject Compositions) is a separate musical composition (and thus should be included within the definition of "Subject Compositions"), then all of the Subject Compositions were alleged to have been infringed by Defendants in or before August 2004 with the manufacture and distribution of *Old School Crunk Mix* (containing the *Lil Jon Megamix*).

# ARGUMENT

## THE PLAINTIFF IS PRECLUDED FROM SEEKING STATUTORY DAMAGES, ATTORNEY'S FEES AND/OR COSTS FOR THE INFRINGEMENTS ALLEGED IN THE AMENDED COMPLAINT.

Pursuant to 17 USC § 412, certain remedies are unavailable for alleged infringements occurring prior to registration of a work:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a) [17 USCS § 106A(a)], an action for infringement of the copyright of a work that has been preregistered under section 408(f) [17 USCS § 408(f)] before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c) [17 USCS § 411(c)], no award of statutory damages or of attorney's fees, as provided by sections 504 and 505 [17 USCS §§ 504 and 505], shall be made for--
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 USCS § 412.

Under 17 U.S.C. § 412, if an alleged infringement commenced before the date of registration, statutory damages and attorney's fees are barred even if infringement continued after the date of registration. <u>Innovative Networks, Inc. v. Young</u>, 978 F. Supp. 167, 175 (S.D.N.Y. 1997), aff'd without opinion, 152 F.3d 918 (2d Cir. 1998). To wit,

> Section 412 imposes a bright-line rule, barring the recovery of statutory damages "for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration." [<u>Troll Co. v. Uneeda Doll Co.</u>, 483 F.3d 150, 158 (2d Cir. N.Y. 2007)].

U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc., 2008 U.S. Dist. LEXIS 64297 (S.D.N.Y. Aug. 21, 2008); see also Shady Records, Inc. v. Source Enters., No. 03 Civ. 9944, 2004 U.S. Dist. LEXIS 26143, at *67-68 (S.D.N.Y. Dec. 30, 2004) (quoting EZ-Tixz, Inc. v. Hit-Tix, Inc., 919 F. Supp. 728, 736 (S.D.N.Y. 1996)). Furthermore,

> [A] plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration.

Mason v. Montgomery Data, Inc., 967 F.2d 135, 144 (5th Cir. Tex. 1992).

The legislative history of Section 412 "reveals Congress' intent that the statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of the defendant's infringements of a work if one of those infringements commenced prior to registration." Mason, 967 F.2d at 143; Shady Records, 2004 U.S. Dist. LEXIS 26143, at *69; Gloster v. Relios, Inc., 2006 U.S. Dist. LEXIS 43995, at *5-6 (E.D. Pa. June 28, 2006) ("if the first act in a continuing course of infringement occurs before registration and the copyright holder does not register within three months of first publication, statutory damages and attorney's fees are unavailable. This is true even if infringement continues after registration."); Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 701 (9th Cir. Wash. 2008) ("the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412. This interpretation, we believe, furthers Congress' intent to promote the early registration of copyrights.").

According to the allegations contained in the Amended Complaint, the alleged infringement of the musical composition *Stop Trippin* occurred in June of 2002, more than two and a half years prior to registration. Furthermore, the alleged infringement of ***all*** of the Subject Compositions

occurred in November of 2003, more than one year prior to registration of any of them.[2] Each subsequent album released by the Defendants incorporating one or more of the Subject Compositions represented an ongoing series of acts (with each act taking place within months of the former act). Moreover, the time period that elapsed between the ongoing pre-registration alleged infringements and the post-registration alleged infringements is not "appreciable" and is trivial. See Troll Co., 483 F.3d at 158-59. Only six months elapsed between the release of *Old School Crunk Mix* and *Crunk Da Mix Tape 2*; followed three months later by *Crunk Wars* and three months after that by *Reggaeton Remix*. Because the alleged infringement of each of the Subject Compositions commenced prior to registration, the plaintiff may not seek an award of statutory damages, attorneys' fees and/or costs. Accordingly, the Defendants respectfully move to preclude the plaintiff from seeking statutory damages, attorney's fees and costs.

## CONCLUSION

The infringements alleged in the Amended Complaint commenced, for purposes of 17 USC § 412, at the very latest, six months prior to their registration with the U.S. Copyright Office. All infringements alleged to have commenced after registration were a part of a series of ongoing acts alleged to have taken place within a few short months of the original allegedly infringing act. Accordingly, plaintiff is barred from recovering statutory damages, attorney's fees and costs with regard to the alleged infringement of all of the Subject Compositions.

---

[2] Even if the work entitled *Lil Jon Megamix* is considered a Subject Composition, all of the Subject Compositions were allegedly infringed in or before August 2004 (see FN 1, above).

SCHEDULE 1

| Title of Subject Composition | Date of First Publication | Date of Copyright Registration | Date Allegedly Infringing Exploitation Commenced | Additional Dates of Exploitation |
|---|---|---|---|---|
| *Bounce Dat Ass* | 09/02/1997 | 02/24/2005[3] | 11/2003 (*Lil Jon & The East Side Boyz, Certified Crunk*)[4] | 02/2004 (*Crunk Da Mix Tape*)[5]. 08/2004 (*Club Crunk*)[6]. 08/2005 (*Reggaeton Remix*)[7]. |
| *Get Crunk* | 09/02/1997 | 02/24/2005[8] | 11/2003 (*Lil Jon & The East Side Boyz, Certified Crunk*) | 02/2004 (*Crunk Da Mix Tape*). 05/2004 (*Get Crunk 305 Remix*)[9]. 07/2004 (*Bootleg Crunk*)[10]. 08/2004 (*Club Crunk*). 02/2005 (*Crunk Da Mix Tape 2*)[11]. 05/2005 (*Crunk Wars*)[12]. 08/2005 (*Reggaeton Remix*) |
| *Y'all Don't Feel Me* | 09/02/1997 | 02/24/2005[13] | 11/2003 (*Lil Jon & The East Side Boyz, Certified Crunk*) | 02/2004 (*Crunk Da Mix Tape*). 08/2004 (*Club Crunk*). 08/2005 (*Reggaeton Remix*) |

---

[3] See Amended Complaint at ¶ 10; Docket Entry No. 25; see also Form Registration No. PA 1-263-803 attached hereto as Exhibit A

[4] See Amended Complaint at ¶ 12; Docket Entry No. 25

[5] See Amended Complaint at ¶ 13; Docket Entry No. 25

[6] See Amended Complaint at ¶ 17; Docket Entry No. 25

[7] See Amended Complaint at ¶ 21; Docket Entry No. 25

[8] See Amended Complaint at ¶ 10; Docket Entry No. 25; see also Form Registration No. PA 1-263-804 attached hereto as Exhibit B

[9] See Amended Complaint at ¶ 15; Docket Entry No. 25

[10] See Amended Complaint at ¶ 16; Docket Entry No. 25

[11] See Amended Complaint at ¶ 19; Docket Entry No. 25

[12] See Amended Complaint at ¶ 20; Docket Entry No. 25

[13] See Amended Complaint at ¶ 10; Docket Entry No. 25; see also Form Registration No. PA 1-263-805 attached hereto as Exhibit C

| | | | | |
|---|---|---|---|---|
| *Cut Up* | 09/02/1997 | 02/24/2005[14] | 11/2003 (*Lil Jon & The East Side Boyz, Certified Crunk*) | 02/2004 (*Crunk Da Mix Tape*). 08/2005 (*Reggaeton Remix*) |
| *Stop Trippin* | 06/02/1998 | 03/01/2005[15] | 06/2002 (*281 Boyz: Chopped and Screwed 2003*)[16] | 11/2003 (*Lil Jon & The East Side Boyz, Certified Crunk*). 02/2004 (*Crunk Da Mix Tape*). 04/2004 (*Dead Crunk 2004*)[17]. 07/2004 (*Bootleg Crunk*). 02/2005 (*Crunk Da Mix Tape 2*). 05/2005 (*Crunk Wars*). 08/2005(*Reggaeton Remix*). |
| *Who U Wit* | 09/02/1997 | 03/04/2005[18] | 11/2003 (*Lil Jon & The East Side Boyz, Certified Crunk*) | None |
| *Lil Jon Megamix* | 08/2004 | None | 08/2004 (*Old School Crunk*)[19] | 08/2005 (*Reggaeton Remix*). |

---

[14] See Amended Complaint at ¶ 10; Docket Entry No. 25; see also Form Registration No. PA 1-263-806 attached hereto as Exhibit D

[15] See Amended Complaint at ¶ 10; Docket Entry No. 25; see also Form Registration No. PA 1-250-807 attached hereto as Exhibit E

[16] See Amended Complaint at ¶ 11; Docket Entry No. 25

[17] See Amended Complaint at ¶ 14; Docket Entry No. 25

[18] See Amended Complaint at ¶ 10; Docket Entry No. 25; see also Form Registration No. PA 1-264-317 attached hereto as Exhibit F

[19] See Amended Complaint at ¶ 18; Docket Entry No. 25

Respectfully submitted,

**HALL, BOOTH, SMITH & SLOVER, PC**

By: <u>/s/ Karl M. Braun</u>
Karl M. Braun, *pro hac vice 1/19/06*
611 Commerce Street, Suite 3000
Nashville, TN  37203
Telephone:  (615) 313-9913

Richard C. Wolfe, Esq.
Rothstein, Rosenfeldt, Adler
100 SE 2nd Street #3300
Miami, FL 33131
Telephone: (305) 381-7115

**PROSKAUER ROSE LLP**
Sandra A. Crawshaw-Sparks, Esq. (# SC 1439)
1585 Broadway
New York, New York 10036-8299

*Attorneys for Defendants Rep Sales, Inc. d/b/a RYKO Distribution Partners and DM Records, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on the 2nd day of October, 2009, I caused to be served a copy of Defendants' Motion in Limine to Preclude Statutory Damages, Attorney's Fees and Costs on counsel for Plaintiff, by electronic notification and facsimile, as follows:

Steven M. Hayes
Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP
112 Madison Avenue, 7th Floor
New York, NY  10016
212-784-6400 (tel)

Brian D. Caplan, Esq.
Jonathan J. Ross, Esq.
CAPLAN & ROSS, LLP
100 Park Avenue, 18th Floor
New York, New York 10017
*Attorney for Plaintiffs*

By: /s/ Karl M. Braun
      Karl M. Braun, *pro hac vice 1/19/06*